UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LINDA DAVIS, | ) |
| Plaintiff, | ) No. CV-07-5058-LRS |
| vs. | ) **ORDER GRANTING MOTION TO DISMISS** |
| STANCORP FINANCIAL GROUP, INC., a corporation; STANDARD INSURANCE COMPANY, an insurance company, | ) |
| Defendants. | ) |

**BEFORE THE COURT** is the Defendants' Motion To Dismiss (Ct. Rec. 7). The motion was heard with oral argument on December 13, 2007. John G. Schultz, Esq., argued for the Plaintiff. Katherine S. Somervell, Esq., argued for the Defendants.

**I. BACKGROUND**

This is an action to recover disability benefits under a "Group Long Term Disability Insurance" policy issued by Defendant Standard Insurance Company to Plaintiff's former employer, Yakima Valley Farm Workers Clinic.

This action was removed to this court from Benton County Superior Court based on federal question jurisdiction, 28 U.S.C. §1331. The asserted basis for removal was that all of the state common law causes of action alleged in Plaintiff's complaint related to an employee welfare benefit plan governed by the Employment Retirement Security Act of 1974 (ERISA), 29 U.S.C. §1001, et seq. Following the removal, Plaintiff filed an Amended Complaint (Ct. Rec. 6) which alleges state common law claims for breach of contract, bad faith, and negligence,

**ORDER GRANTING MOTION TO DISMISS-1**

and a state statutory law claim under the Washington Consumer Protection Act (WCPA). In the Amended Complaint, Plaintiff alleges that her claim for disability benefits is exempt from ERISA.

Defendants now move for dismissal of the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), contending Plaintiff's state law claims are preempted by ERISA, and that the named Defendants are improper parties under ERISA.

## II. DISCUSSION

### A. 12(b)(6) Standard

A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In reviewing a 12(b)(6) motion, the court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from such allegations. *Mendocino Environmental Center v. Mendocino County*, 14 F.3d 457, 460 (9th Cir. 1994); *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The complaint must be construed in the light most favorable to the plaintiff. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). The sole issue raised by a 12(b)(6) motion is whether the facts pleaded, if established, would support a claim for relief; therefore, no matter how improbable those facts alleged are, they must be accepted as true for purposes of the motion. *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S.Ct. 1827 (1989). The court need not, however, accept as true conclusory allegations or legal characterizations, nor need it accept unreasonable inferences or unwarranted deductions of fact. *In re Stac Electronics Securities Litigation*, 89 F.3d 1399, 1403 (9th Cir. 1996).

### B. ERISA Plan/Proper Defendants

ERISA's provisions "shall supersede any and all laws insofar as they now or hereafter relate to any employee benefit plan." 29 U.S.C. §1144(a). Preempted

**ORDER GRANTING MOTION TO DISMISS-2**

are: (1) state laws providing alternative enforcement mechanisms for ERISA plan benefits; and (2) state laws that mandate employee benefit structures or their administration. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir.), *cert. denied*, 525 U.S. 1001, 119 S.Ct. 510 (1998).

An ERISA plan exists if there is:

> (1) A "plan, fund or program" (2) established or maintained (3) by an employer or by an employee organization or both (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits . . . (5) to the participants or their beneficiaries.

*Kanne v. Connecticut General Life Ins. Co.*, 867 F.2d 489, 492 (9th Cir. 1988), *cert. denied*, 492 U.S. 906, 109 S.Ct. 3216 (1989). The existence of an ERISA plan is a question of fact to be answered in light of all the surrounding facts and circumstances from the point of view of a reasonable person. *Id.*

In *Credit Managers Ass'n of Southern California v. Kennesaw Life And Accident Insurance Company*, 809 F.2d 617, 625 (9th Cir. 1987), the Ninth Circuit Court of Appeals noted that:

> An employer . . . can establish an ERISA plan rather easily. Even if an employer does no more than arrange for a "group-type insurance program," it can establish an ERISA plan, unless it is a mere advertiser who makes no contributions on behalf of its employees.

The circuit cited 29 C.F.R. §2510.3-1(j), a "safe-harbor" regulation, which provides:

> [T]he terms "employee welfare benefit plan" and "welfare plan" shall **not** include a group or group-type insurance program offered by an insurer to employees or members of an employee organization under which
>
> (1) **No** contributions are made by an employer or employee organization;
>
> (2) Participation in the program is completely voluntary for employees or members;
>
> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; **and**

**ORDER GRANTING MOTION TO DISMISS-3**

> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for the administrative services actually rendered in connection with payroll deductions or dues checkoffs.

(Emphasis added).

Under this regulation, all four characteristics must exist for a plan to be considered exempt from ERISA. *Stuart v. UNUM Life Ins. Co.*, 217 F.3d 1145, 1153 (9th Cir. 2000) ("[G]roup insurance plan cannot be excluded from ERISA coverage when an employer fails to satisfy any one of the four requirements of the safe harbor regulation").

In *Delaye v. Agripac, Inc.*, 39 F.3d 235, 237 (9th Cir. 1994), the Ninth Circuit stated:

> We are guided by the Supreme Court in *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987), which held that the severance package in that case was not an employee benefit plan within the meaning of ERISA and thus state law was not preempted. In stressing the difference between employee benefits and employee benefit *plans*, the Court recognized that the purpose of ERISA preemption of state law is to create a single set of regulations to govern benefit plans' complex and ongoing administrative activities. *Id*. at 8-15, 107 S.Ct. At 2215-19.
>
> From the fountain of *Fort Halifax*, and the stream of circuit court cases that have flowed from it, a relatively simple test has emerged to determine whether a plan is covered by ERISA: does the benefit package implicate an ongoing administrative scheme? [Citing among other cases, *Kulinski v. Medtronic Bio-Medicus, Inc.*, 21 F.3d 254 (8th Cir. 1994)].

In *Delaye*, the plaintiff sued his former employer, alleging that its denial of severance benefits when he was fired violated ERISA. The Ninth Circuit held the employment contract was not an ERISA "plan" because the contract did not implicate an ongoing administrative scheme. Once the company decided to terminate the plaintiff, the "severance calculation became one akin to that in *Fort Halifax* - - a straightforward computation of a one-time obligation." *Id*. at 237.

In the case at bar, the cover page of the Plan/Policy lists the "Policyowner" as Yakima Valley Farm Workers Clinic, with an effective date of July 1, 1995.

**ORDER GRANTING MOTION TO DISMISS-4**

(See Plan/Policy attached to Declaration of Donna Martin-Havrila at Ct. Rec. 9). Yakima Valley Farm Workers Clinic determined which employees would be eligible for insurance as "Members" (Pg. 1 of Plan/Policy).[1] Page 4 of the Plan/Policy is titled: "**ERISA** Summary Plan Description Information." (Emphasis added). The name of the "Plan" is "Long Term Disability Insurance." The "Plan Sponsor" is listed as Yakima Valley Farm Workers Clinic and the "Plan Administrator" is listed as the "Plan Sponsor," that being Yakima Valley Farm Workers Clinic. The Yakima Valley Farm Workers Clinic is also defined as the "Employer" (Pg. 1 of the Plan/Policy) and under the "ERISA Summary Plan Description" (pg. 4), the "Employer" is identified as the "Sources of Contributions," indicating Yakima Valley Farm Workers Clinic paid all of the premiums for the insurance.[2]

The "ERISA Summary Plan Description" (at Pg. 4) indicates that if legal process involves claims for benefits under the policy, additional notification of legal process must be sent to Standard Insurance Company.[3] While Yakima Valley Farm Workers Clinic is the "Plan Administrator," Standard Insurance

---

[1] This is confirmed by the affidavit from K. Peter Toop, the Chief Financial Officer for the Yakima Valley Farm Workers Clinic, wherein he acknowledges that Yakima Valley Farm Workers Clinic did provide a list of employees to be covered by the insurance. (Affidavit of Toop, Ct. Rec. 18-3, at Paragraph 6). What Toop states in his affidavit is evident from the terms of the Plan/Policy and therefore, it is unnecessary to consider Toop's affidavit. Consideration of Toop's affidavit would convert the 12(b)(6) motion into a Rule 56 motion for summary judgment. This is discussed *infra* at footnote 5.

[2] Further confirmation is on pg. 2 of the Plan/Policy which indicates that as to "Premium Contributions," the insurance is "Noncontributory," meaning the employees do not contribute premiums.

[3] Standard Insurance Company is entitled to legal process in addition to process being served on Yakima Valley Farm Workers Clinic. The "Plan Administrator," Yakima Farm Workers Clinic, is listed as the registered agent for service of legal process.

**ORDER GRANTING MOTION TO DISMISS-5**

Company is the claims administrator and determines whether a claim will be paid per the terms of the policy. According to an "Allocation Of Authority" provision in the Plan/Policy (at Pg. 16): "Except for those functions which the Group Policy specifically reserves to the Policyowner, we [Standard Insurance Company] have full and exclusive authority to control and manage the Group Policy to administer claims, and to interpret the Group Policy and resolve all questions arising in the administration, interpretation, and application of the Group Policy." Page 21 of the Plan/Policy is titled "**ERISA Information And Notice Of Rights**" and, among other things, includes a statement of a "Member's" rights, including those pertaining to review of a denied claim. (Emphasis added).

    The Plan/Policy at issue clearly does not meet all four of the characteristics which would exempt it from being an ERISA "employee welfare benefit plan" under 29 C.F.R. §2510.3-1(j). Yakima Valley Farm Workers, as the "employer," contributes the premiums.[4] Also, by defining the employees who are eligible to participate in the plan and serving as "Plan Administrator," Yakima Valley Farm Workers Clinic has endorsed the Plan. *Sarraf v. Standard Ins. Co.*, 102 F.3d 991, 993 (9th Cir. 1996) (serving as administrator of plan amounts to "endorsement" of the plan as opposed to mere advertising of the plan). And the fact the Plan/Policy specifically refers to ERISA tends to prove the parties intended the creation of an ERISA plan. *Stuart*, 217 F.3d at 1154

    The Plan/Policy clearly implicates an ongoing administrative scheme for payment of long-term disability benefits.[5] The fact that Yakima Valley Farm Workers Clinic, as "Plan Administrator," delegated authority to Standard

---

[4] The case at bar is distinguishable from *New England Mutual Life Insurance Co., Inc. v. Baig*, 166 F.3d 1 (1st Cir. 1999), cited by Plaintiff, wherein the First Circuit held that the employer's reimbursement of premiums paid directly by the employee for his disability insurance coverage did not create an ERISA plan.

[5] The Plan/Policy indicates the "Group Policy Effective Date" is July 1, 1995.

**ORDER GRANTING MOTION TO DISMISS-6**

Insurance Company to administer the payment of claims (as claims administrator) does not detract from this conclusion.  In *Ford v. MCI Communications Corporation Health and Welfare Plan*, 399 F.3d 1076 (9th Cir. 2005), the plaintiff (Ford) brought an ERISA claim under 29 U.S.C. §1132(a)(1)(B) against ITT Hartford Insurance Group/Hartford Life (Hartford).  §1132(a)(1)(B) provides that "[a] civil action may be brought by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  ERISA authorizes actions to recover benefits against the Plan as an entity, 29 U.S.C. §1132(d)(1), and against the Plan's administrator.  *Ford*, 399 F.3d at 1081.  In *Ford*, the plaintiff contended Hartford was the plan administrator (and could be sued under ERISA) because it had discretionary authority to determine eligibility for benefits and was functioning as the plan administrator.  The Plan Administrator, MCI, had delegated the "exclusive discretion, authority, responsibility, and right to interpret and construe the Plan's terms and to determine all questions of eligibility under the Plan and to exercise the fullest discretion permitted by law regarding Plan administration" to the claims administrators, including Hartford.  The Ninth Circuit noted that it had already considered and rejected this "discretion" argument  in *Everhart v. Allmerica Fin. Life Ins. Co.*, 275 F.3d 751, 754 n.3 (9th Cir. 2001).  *Ford*, 399 F.3d at 1082.  In *Everhart*, the Ninth Circuit explicitly rejected the argument that an insurer who "controlled the administration of the plan and made the discretionary decisions as to whether benefits were owed" could be sued under §1132(a)(1)(B).  *Ford*, 399 F.3d at 1082.

     The court finds that the Yakima Valley Farm Workers Clinic "Long Term Disability Insurance" Plan is an ERISA plan.  Because this Plan is not exempt from ERISA, the state law claims alleged in Plaintiff's Amended Complaint regarding denial of disability benefits are preempted by ERISA and Plaintiff's Amended Complaint fails to state any legally cognizable claims upon which relief can be granted.

**ORDER GRANTING MOTION TO DISMISS-7**

III. CONCLUSION

Defendants' Motion To Dismiss (Ct. Rec. 7) is **GRANTED** and Plaintiff's Amended Complaint is **DISMISSED** for failure to state claims upon which relief can be granted.[6] Plaintiff is given leave to serve and file a Second Amended Complaint in this action asserting a claim under ERISA, specifically 29 U.S.C. §1132(a)(1)(B), against the Yakima Valley Farm Workers Clinic "Long Term Disability Insurance" Plan, the Yakima Valley Farm Workers Clinic as the Plan

---

[6] The court has not considered extrinsic evidence in making this determination, such as would convert the motion to one for summary judgment under Fed. R. Civ. P. 56. The Plan/Policy does not qualify as extrinsic evidence because it is referred to by the Plaintiff's Amended Complaint, it is obviously "central" to the Plaintiff's claim, and no one questions the authenticity of the copy attached to the declaration submitted in support of Defendants' motion (Ct. Rec. 9). The court will not consider the affidavit from K. Peter Toop, the Chief Financial Officer of Yakima Valley Farm Workers Clinic, to the extent his affidavit deals with issues that are irrelevant to the preemption issue (i.e., whether or not Plaintiff's disability claim is legitimate). To the extent the affidavit is relevant to the preemption issue, Mr. Toop states what is already apparent from the Plan/Policy itself (i.e., that the Yakima Valley Farm Workers Clinic pays the premiums and determines the employees who are eligible to participate in the Plan). The extrinsic evidence attached to "Plaintiff's Statement Of Material Facts" (Ct. Rec. 14) is irrelevant to the preemption issue before the court and goes to the issue of disability which will be adjudicated at a later time.

Moreover, it is noted that a 12(b)(6) dismissal of Plaintiff's Amended Complaint provides the Plaintiff with an opportunity to serve and file a Second Amended Complaint alleging an ERISA claim against the proper parties. Were the court to treat the motion as one for summary judgment and grant judgment to the Defendants on Plaintiff's state law claims, leave to amend would not be an option. Plaintiff would have to pay another filing fee in conjunction with filing a new action and a new complaint alleging an ERISA claim.

**ORDER GRANTING MOTION TO DISMISS-8**

Administrator, and against Standard Insurance Company.[7] Defendant Stancorp Financial Group, Inc., however, is **DISMISSED** with prejudice.

    **IT IS SO ORDERED**. The District Executive is directed to enter this order and forward copies to counsel.

    **DATED** this  19th  day of December, 2007.

                      *s/Lonny R. Suko*
                        LONNY R. SUKO
                United States District Judge

---

[7] Standard Insurance Company consents to being named as a defendant with regard to the ERISA claim. ERISA provides only for equitable relief and there is no right to a jury trial in an ERISA benefits action. *Thomas v. Oregon Fruit Prods. Co.*, 228 F.3d 991, 995-97 (9th Cir. 2000). Attorney's fees and costs can be awarded to a prevailing party under ERISA. 29 U.S.C. §1132(g)(1).

**ORDER GRANTING MOTION TO DISMISS-9**